GEORGE ALBERT GERMAIN AND OTHERS, RESPONDENTS, *v.* THE BROOKLYN LIFE INSURANCE COMPANY OF NEW YORK, APPELLANT.

*Evidence — presumption, against suicide — does not apply to the insane.*

The presumption of law, that a sane man found dead has not committed suicide, does not extend to the case of an insane man so found.

APPEAL from a judgment, entered on a verdict rendered at the Erie Circuit, and also from an order denying the defendant's motion for a new trial on a case containing exceptions, and upon the ground that the verdict was against the weight of evidence.

*Sherman S. Rogers,* for the appellant.

*George Wadsworth,* for the respondents.

SMITH, P. J. :

Action upon a policy of insurance upon the life of Charles Germain. The policy provided that if the insured should die by his own hand or act, whether sane or insane, the insurer should not be liable for an amount greater than the reserve for said policy computed by the New York standard. The plaintiffs recovered the entire amount of the policy with interest. Germain died from a gun-shot wound in his breast inflicted a few minutes before his death. At the time when he was shot he was alone in a room of

his dwelling-house, and there was no direct evidence as to the manner in which the shooting occurred. The testimony established very satisfactorily, however, that the shooting was done with a shot gun which was with him in the room, and that the gun was discharged in some manner by his agency, but whether intentionally or accidentally was a litigated question. The theory of the defense was that Germain laboring under a suicidal mania purposely took his own life. Much evidence of a very cogent character was given in support of that theory, so much so that the appellant insists now, as he did at Special Term, that the verdict is against the weight of evidence. But although the evidence in support of the defendant's theory was strong it did not absolutely exclude the idea that the discharge of the gun was accidental, and as the burden of proof was on the defendant it can hardly be said that the jury were bound to conclude that the shooting was intentional.

A more serious question, however, arises upon an exception taken to the refusal of the judge to charge as requested by the defendant's counsel, that in case the jury were satisfied that Germain was insane at the time he came to his death, there is then no presumption of law that he did not commit suicide. The learned judge, in answer to the request, said to the jury: "My charge upon the question of presumption is just this : That in case you should find a corpse, a body at any place, with no evidence, nothing to show as to the cause of his death, the presumption then would be that the death was natural or accidental. The presumption would be against its being caused by its own hand. Now, any evidence that you discover in reference to the cause of the death, whether it be that of insanity or any other evidence, it is evidence that goes to the jury for the purpose of enabling them to determine the cause of death. If you find as a question of fact that he was insane, it is one of the facts that you may take into consideration for the purpose of enabling you to determine whether it was done intentionally or not. I will decline to charge otherwise." We incline to the opinion that the request ought to have been granted. The proposition embraced in it was simply this: That the presumption of law that a sane man found dead has not committed suicide, does not apply to the case of an insane man so found. According to the evidence, if Germain was insane, his insanity took the form of a suicidal mania.

Assuming that to be the case, it is unreasonable and against common experience to say that it is to be presumed he did not commit suicide. The presumption in the case of a sane man is based upon his sanity, and the fact of insanity being shown, the ground of the presumption is gone.

If it be suggested that in the case of an insane man there is no presumption one way or another, then on that very ground the defendant was entitled to the instruction asked for. The request was not to charge that the presumption is that Germain, if insane, did commit suicide, but simply that in such case there is no presumption that his death was not the result of his own intentional act.

For the reason above stated, the judgment and order should be reversed, and a new trial ordered, costs to abide event.

HARDIN, J., concurred; HAIGHT, J., not sitting.

So ordered.